IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER D. BENNETT,

    Plaintiff,

v.                                      Civil Action No. 3:11CV751

JAMES STEWARD, III, et al.,

    Defendants.

**MEMORANDUM OPINION**

Christopher D. Bennett, a Virginia detainee proceeding pro se and in forma pauperis, filed this civil rights action. The matter is before the Court on Bennett's failure to serve Defendant Steward within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Bennett had one hundred and twenty (120) days from the filing of the complaint to serve the defendants. Here, that period commenced on June 25, 2012. More than one hundred and twenty (120) days

---

[1] Rule 4(m) provides:

    If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

elapsed and Bennett failed to serve the defendants. Accordingly, by Memorandum Order entered on March 1, 2013 the Court directed Bennett to show good cause for his failure to serve the defendants. Bennett failed to respond to the March 1, 2013 Memorandum Order.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the United States Court of Appeals for the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither pro se status nor incarceration constitutes good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D. Va. Jan. 24, 2012) (citing cases). Because Bennett fails to demonstrate good cause for his failure to serve the defendants, the action will be dismissed without prejudice.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 13, 2013

2